UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| GREGORY GRIGGS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:22-CV-327-DCP |
| | ) | | |
| CHARLES WALL, BRANDY HUTSON, JOHNATHAN CORBIN, and JOHN EVANS, | ) ) ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

On August 27, 2022, Plaintiff, a prisoner proceeding pro se, filed this action for violation of 42 U.S.C. § 1983 alleging that on August 17, 2022, all Defendants used excessive force on him after he busted a sprinkler head, which he did after Defendant Corbin goaded him into it, and Defendants Evans and Wall told him that he was "going to get it either way" [Doc. 1 pp. 3–5]. Now before the Court is Defendants' Motion for Summary Judgment [Doc. 28], in support of which they filed a memorandum [Doc. 29], exhibits [Docs. 29-1 to 29-3], and a Statement of Undisputed Material Facts [Doc. 30]. Plaintiff did not file a response to this motion, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a). As such, he waived any opposition. E.D. Tenn. L.R. 7.2.

As Defendants have set forth undisputed proof that Plaintiff failed to exhaust his available administrative remedies for his claim herein, their Motion for Summary Judgment [**Doc. 28**] will be **GRANTED**, and this action will be **DISMISSED**.

## I. STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). When "a party . . . fails to properly address another party's assertion of fact," a court can consider the fact undisputed for purposes of summary judgment. Fed. R. Civ. P. 56(e)(2).

A district court cannot grant summary judgment because the adverse party did not respond but instead must, at a minimum, ensure the movant has met its burden. *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998). In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

## II. ANALYSIS

Defendants seek summary judgment in their favor based on their allegation that Plaintiff failed to exhaust the available administrative remedies for his claim proceeding herein prior to filing this action [Doc. 29 pp. 4–7]. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

2

Case 3:22-cv-00327-DCP   Document 32   Filed 04/25/24   Page 2 of 5   PageID #: 170

such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). This statute requires "proper exhaustion" of administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "critical procedural rules" in a manner that allows prison officials to review and, where necessary, correct the issues set forth in the grievance "on the merits." *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)); *see also Woodford,* 548 U.S. at 92 ("Proper exhaustion demands compliance with an agency's deadlines . . . because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). "There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

At his deposition, Plaintiff testified that he filed a grievance regarding the incident underlying his complaint within seventy-two hours of that incident but "never heard anything else" about that grievance despite his inquiries [Doc. 29-1 pp. 3–4]. However, in support of their motion for summary judgment, Defendants present undisputed proof that the Tennessee Department of Correction's applicable grievance procedure allowed Plaintiff to file a "second level" appeal of the grievance to which he did not receive a response when the time for prison officials to respond to that grievance expired [Doc. 29-3 p. 4]. Nothing in the record suggests that Plaintiff filed any such appeal.

3

Defendants additionally assert that even if Plaintiff filed a second level appeal of the lack of response to his grievance, he could not have exhausted the remaining administrative remedies available to him under the applicable grievance policy prior to filing this action on August 27, 2022 [Doc. 29 pp. 5–6]. The record establishes that this is also true.

Specifically, under the applicable grievance policy, Plaintiff could not have appealed the apparent lack of response to his "first level" grievance until seven working days after he filed that grievance [Doc. 29-3 pp. 2–3]. So even if Plaintiff filed his first level grievance about the incident underlying his complaint on August 17, 2022, which is the day on which that incident occurred and thus the first day on which Plaintiff could have filed such a grievance, the applicable policy did not allow Plaintiff to file a second level appeal of the lack of response to that grievance until August 27, 2022, the same day Plaintiff filed this lawsuit [Doc. 1 p. 5].

However, even if the Court assumes that Plaintiff filed that second level appeal of the lack of any response to his grievance on the same day he filed this action, this action is still premature, as the applicable policy still had various steps left, including a hearing and a "third level" appeal [Doc. 29-3 p. 3]. Accordingly, accepting as true Plaintiff's assertion that he never heard anything back about his first level grievance and carrying it forward to all available grievance procedure steps, Plaintiff would have had to wait for the time periods for each of these steps to expire in order to utilize all the available steps of the grievance procedure prior to filing this action [*Id.* at 3–4]. Thus, even if Plaintiff filed a second level grievance appeal on the same day he filed this action, which was the first day on which he could have done so, and never heard anything back about any of the next level grievance policy steps, he still filed the instant lawsuit prior to exhausting his available administrative remedies, as the PLRA requires.

The Supreme Court has found that "the plain language of Rule 56(c) [of the Federal Rules of Civil Procedure] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Accordingly, Defendants have established that Plaintiff did not exhaust his available administrative remedies for his claim, and they are entitled to summary judgment.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [**Doc. 28**] will be **GRANTED**, and this action will be **DISMISSED**. Also, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith. As such, this Court will **DENY** Plaintiff leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

ENTER:

Debra C. Poplin
United States Magistrate Judge